In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00156-CR
______________________________


CHRISTOPHER D. HARRIS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the County Court at Law No. 2
Gregg County, Texas
Trial Court No. 30270-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Christopher D. Harris wants a new trial because the court reporter lost a significant and
relevant portion of the record of the trial below. We agree that Harris is entitled to a new trial.
            A jury convicted Harris of two counts of aggravated robbery. The trial court sentenced Harris 
June 19, 2003, in accordance with the jury's recommended sentences of twenty-five and thirty years. 
Harris filed a motion for new trial June 25, 2003. That same day, Harris filed his notice of appeal
and his request for a complete reporter's record of all proceedings in the trial court, including the
testimony of all witnesses and the closing arguments of counsel. 
            On August 25, 2003, Harris obtained the trial court's permission to file an amended motion
for new trial, which he then filed that same day. On August 26, 2003, Harris filed a "Motion for
Record and Order To Appear" with the trial court, alleging the court reporter had failed to prepare
a complete reporter's record as previously requested. The trial court scheduled a hearing on that
motion. At the conclusion of that hearing, conducted October 13, 2003, the trial court found that
Harris timely requested the preparation of a complete reporter's record, that there were portions of
the reporter's record missing, including the testimony of at least two witnesses and the closing
arguments during the punishment phase, and that "the defendant did not contribute to the loss of the
missing portion of the reporter's record." The trial court then granted Harris' amended motion for
new trial.
            "A trial court must rule on a motion for new trial within 75 days after imposing or suspending
sentence in open court." Tex. R. App. P. 21.8(a). "A motion not timely ruled on by written order
will be deemed denied when the period described in (a) expires." Tex. R. App. P. 21.8(c). In this
case, the trial court did not orally rule on Harris' motion for new trial until October 18. The trial
court's written order was not entered until November 18, 2003. The Texas Rules of Appellate
Procedure require an order granting a motion for new trial to be filed by a written order within
seventy-five days after the imposition or suspension of sentence. Tex. R. App. P. 21.8(a),(b). In this
case, the trial court's written order was not signed until almost five full months after the trial court
imposed sentence. Therefore, the trial court was without jurisdiction to grant a new trial. Moreover,
Harris' motion for new trial must be deemed to have been denied when the period of seventy-five
days following the imposition of sentence expired. See Tex. R. App. P. 21.8(c). Accordingly, the
trial court's order granting Harris' amended motion for new trial is void.
            Nonetheless, the record before us clearly establishes that significant portions of the reporter's
record are missing, that Harris is not to blame for the missing portions of the record, that the missing
portions of the reporter's record are necessary to Harris' appeal, and that the lost portions of the
reporter's record are not capable of being replaced by the agreement of the parties. See Tex. R. App.
P. 34.6(f). Under such conditions, the Texas Rules of Appellate Procedure entitle an appellant to
receive a new trial. See id.
            We gave the parties ten days to show cause why Harris' conviction should not be reversed
and the cause remanded for a new trial pursuant to Rule 34.6(f) of the Texas Rules of Appellate
Procedure. We have received no response. The trial court entered written findings, approved by the
State and by Harris' trial counsel, stating Harris should receive a new trial because significant and
relevant portions of the record of the proceedings below have been lost, and this loss was not the
fault of Harris. 
            Accordingly, we reverse the trial court's judgment and remand the cause for a new trial.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          December 17, 2003
Date Decided:             December 18, 2003

Do Not Publish